# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| LEE MORGAN, derivatively on behalf of TILRAY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BRENDAN KENNEDY, MICHAEL AUERBACH, REBEKAH DOPP, MARYSCOTT GREENWOOD, CHRISTINE ST. CLARE, AND MARK CASTANEDA,<br><br>Defendants,<br><br>TILRAY, INC.,<br><br>Nominal Defendant. | Case No.: 20-cv-00757-MN |

**STIPULATION AND [PROPOSED] ORDER**

Lee Morgan ("Plaintiff"), derivatively on behalf of Nominal Defendant Tilray, Inc. ("Tilray"), and Defendants Brendan Kennedy, Michael Auerbach, Rebekah Dopp, Maryscott Greenwood, Christine St. Clare, and Mark Castaneda ("Individual Defendants") and with Tilray (collectively, the "Defendants") and together with Plaintiff (collectively, the "Parties") jointly submit this Stipulation to temporarily stay the above-captioned derivative action ("Stipulation"), and in support thereof state as follows:

**WHEREAS,** Plaintiff filed the above-captioned action on behalf of and for the benefit of Tilray against Defendants seeking to remedy Defendants' alleged breach of fiduciary duties, unjust enrichment, and violations of Section 14(a) of the Securities Exchange Act of 1934 ("Exchange Act") that allegedly have caused harm to Tilray (the "Action");

**WHEREAS**, pending in the United States District Court for the Southern District of New York is a putative securities class action captioned: *Kasilingam v. Tilray, Inc., et al.,* Case No.: 20-cv-03459-PAC (the "Securities Class Action");

**WHEREAS,** Plaintiff maintains that the Action has merit independent of and is not dependent on the ultimate outcome of the Securities Class Action;

**WHEREAS**, there is substantial overlap between the facts and circumstances alleged in the Action and the Securities Class Action, including the relevance of many of the same documents and witnesses;

**WHEREAS**, the Securities Class Action Defendants anticipate filing a motion to dismiss for failure to state a claim;

**WHEREAS,** the Parties agree that a decision on the pending motion to dismiss the Securities Class Action could have important implications for the efficient prosecution of the Action;

**WHEREAS**, pursuant to the Private Securities Litigation Reform Act ("Reform Act"), 15 U.S.C. § 78u–4(b)(3)(B), "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss" and, as result, until the court decides the Securities Class Action Defendants' anticipated motion to dismiss, the Securities Class Action will be stayed;

**WHEREAS**, in order to ensure economy of time and effort for the Court, for counsel, and for litigants, Plaintiff and Defendants have agreed that, in light of the overlap between the Action and the Securities Class Action, and in light of the stay of proceedings which the Parties anticipate will commence by operation of law following the filing of a motion to dismiss in the Securities Class Action, that the Action should be voluntarily stayed on the terms set forth below unless and until either (1) the Securities Class Action is dismissed, with prejudice, by the court, and all appeals

related thereto have been exhausted; or (2) the motion to dismiss the Securities Class Action is denied in whole or in part, and the Reform Act stay dissolves as a matter of law; or (3) any of the Parties to this Stipulation gives a fifteen (15) day notice that they no longer consent to the voluntary stay of the Action;

**NOW THEREFORE**, it is hereby stipulated by and between the undersigned that:

1. Defendants hereby waive service of summons and accept service of the Complaint, preserving all defenses and objections to the initial Complaint including, but not limited to, the Court's jurisdiction, but waiving only any objections to insufficient process or insufficient service of process.

2. The Parties agree that notwithstanding this stay of the Action, Plaintiff may file an amended complaint; however, Defendants need not answer or otherwise respond to the Complaint or to any other complaint or amended complaint that is filed in or consolidated with the above-captioned action during the pendency of this stay.

3. The Action shall be stayed, and no Case Management Order issued, upon the Court's so-ordering this Stipulation as an Order of the Court.

4. Defendants agree that, in the event the parties to the Securities Class Action or to any related derivative action (including any demands or actions pursuant to 8 *Del. C.* § 220), whether threatened or filed, purportedly brought or threatened to be brought on behalf of Tilray arising from substantially similar facts and asserting substantially similar claims as this Action, whether filed in this Court or in another court (a "Related Derivative Action") agree to attend either a court-ordered settlement conference or party-scheduled mediation, Defendants agree to provide Plaintiff with reasonable advance notice and shall invite Plaintiff to participate therein.

5. Defendants shall promptly notify Plaintiff of any Related Derivative Actions commenced during the stay.

6. Defendants shall promptly notify Plaintiff if any Related Derivative Action is not stayed for a similar or longer duration.

7. Upon occurrence of any of (1) the dismissal of the Securities Class Action, with prejudice, by that court, and exhaustion of all appeals related thereto; or (2) the denial of any motion to dismiss the Securities Class Action in whole or in part; or (3) fifteen (15) days after any of the Parties to this Stipulation has given notice that they no longer consent to the voluntary stay of the Derivative Litigation, then the stay shall be lifted and the Parties shall notify the Court within fifteen (15) days after the occurrence of any of the events above.

Dated: November 2, 2020

| | |
|---|---|
| **POTTER ANDERSON & CORROON LLP** | **DELEEUW LAW LLC** |
| */s/ Michael A. Pittenger* | */s/ P. Bradford deLeeuw* |
| Michael A. Pittenger (#3212) | P. Bradford deLeeuw (#3569) |
| 1313 N. Market Street, 6th Floor | 1301 Walnut Green Road |
| Wilmington, DE 19801-6108 | Wilmington, DE 19807 |
| Tel.: (302) 984-6136 | Tel.: (302) 274-2180 |
| Fax: (302) 658-1192 | brad@deleeuwlaw.com |
| mpittenger@potteranderson.com | |
| | |
| **BAKER & HOSTETLER LLP** | **HYNES & HERNANDEZ, LLC** |
| | |
| Douglas W. Greene (*pro hac vice forthcoming*) | Michael J. Hynes |
| 45 Rockefeller Plaza | 101 Lindenwood Drive, Suite 225 |
| New York, NY 10111-0100 | Malvern, PA 19355 |
| Tel: (212) 589-4200 | Tel.: (484) 875-3116 |
| Fax: (212) 589-4201 | Fax: (484) 875-9273 |
| dgreene@bakerlaw.com | mhynes@hh-lawfirm.com |
| | |
| 999 Third Avenue, Suite 3600 | |
| Seattle, WA 98104-4040 | **BRAGAR EAGEL & SQUIRE, P.C.** |
| Tel.: (206) 332-1380 | |
| Fax: (206) 624-7317 | Melissa A. Fortunato |
| | 885 Third Avenue, Suite 3040 |
| | New York, NY 10022 |
| | Tel.: (212) 308-1869 |
| | Fax: (212) 486-0462 |
| | Fortunato@bespc.com |
| ***Attorneys for Individual Defendants and Nominal Defendant Tilray, Inc.*** | |
| | ***Attorneys for Plaintiff*** |

SO ORDERED:

_____
United States District Court